IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIMBERLEY PHILLIPS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-117-RP |
| CHARTER COMMUNICATIONS, INC. WELFARE BENEFIT PLAN, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Charter Communications, Inc. Welfare Benefit Plan's ("the Plan") Motion to Transfer Venue, (Dkt. 4), and the parties' responsive briefing. Having considered the parties' arguments, the evidence, and the relevant law, the Court finds that the motion should be granted.

Plaintiff Kimberley Phillips ("Phillips") sued the Plan under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") to recover short-term disability benefits under the Plan (Compl., Dkt. 1, at 1–2). A claims administrator denied Phillips' short-term disability claim; she appeals that decision. (*Id.* at 2).

The instant dispute concerns whether to transfer this action to the District Court for the Eastern District of Missouri. (Mot. Transfer, Dkt. 4, at 2). The Plan contains a forum-selection clause ("FSC") that states, "[a]ny legal action [to appeal a denial of claims for benefits] shall be brought in a federal court sitting within the Eastern District of Missouri." (Plan § 9.2, Dkt. 4-1, at 21). The Plan argues that the FSC is valid and controlling, warranting transfer. (Mot. Transfter, Dkt. 4, at 2–5). Phillips, meanwhile, argues that the controlling document to this dispute is the Summary Plan Description ("SPD") for the Charter Communications, Inc. Short-Term Disability Program ("the STD Program"), which is a component program of the Plan. (Resp. Mot. Leave, Dkt. 5, at 1).

1

The SPD contains a clause that states, "[a]t the completion of that review process, you have the right to file suit in federal or state court." (SPD, Dkt. 5-1, at 28). Phillips argues that the SPD's clause supersedes the Plan's FSC and confers broad forum-selection authority upon Phillips. (Resp. Mot. Leave, Dkt. 5, at 5–7). In the alternative, Phillips argues that even if the Plan's FSC is valid, the Court should refuse to apply it because doing so would be unfair. (*Id.* at 7–9).

The dispute over whether the SPD clause supersedes the Plan's FSC requires the Court to interpret the SPD clause. Because the SPD is a component of an ERISA-regulated plan, interpreting the SPD clause is governed by federal law. *See Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 725 (5th Cir. 2017) ("Federal common law governs the interpretation of all ERISA-regulated plan provisions."). "When construing ERISA plan provisions, courts are to give the language of an insurance contract its ordinary and generally accepted meaning if such a meaning exists." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 331 (5th Cir. 2014) (citation omitted). To do so, the Court interprets the contract language "in an ordinary and popular sense as would a person of average intelligence and experience, such that the language is given its generally accepted meaning if there is one." *Id.* (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 818 (5th Cir.1997)). Only if the plan terms remain ambiguous after applying ordinary principles of contract interpretation is the Court "compelled to apply the rule of *contra proferentum* and construe the terms strictly in favor of the insured." *Id.* (citing *Wegner*, 129 F.3d at 818). A provision is not ambiguous simply because of a "lack of clarity, or because the parties proffer different interpretations of the contract." *Ramirez*, 872 F.3d at 728 (citation and quotation marks omitted). Rather, a contract is ambiguous if "it is subject to two or more reasonable interpretations after applying the pertinent canons of construction." *Id.* (citation and quotation marks omitted).

The question is thus whether it is reasonable to interpret the SPD clause to supersede the Plan's FSC. The SPD clause appears in a section of the SPD entitled "Your Rights Under ERISA."

(SPD, Dkt. 5-1, at 27). That section contains a number of general statements, such as, "you are entitled to certain rights and protections under ERISA," and "[t]he law provides that fiduciaries who violate ERISA may be removed." (*Id.*). Under a subsection entitled, "Enforce Your Rights," the SPD informs the insured that "ERISA specifically provides for circumstances under which you may take legal action," such as:

> If your claim for benefits to the Claims Administrator or Plan Administrator (as applicable) is denied in full or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules. At the completion of that review process, you have a right to file suit in federal or state court.

(*Id.* at 27–28).

Phillips contends that this language constitutes "specific authority to file suit in federal or state court" that is "broadly conferred," such that the insured has the authority to file suit in any federal court. (Resp. Mot. Leave, Dkt. 5, at 6). Phillips' construction of the SPD clause, however, is not a reasonable one, as the context surrounding the clause resolves any ambiguity concerning its meaning. The "Your Rights Under ERISA" section is a disclosure statement that informs the insured in general terms about ERISA; it does not set forth contractual terms. The SPD clause, like the rest of the section in which it appears, is a generic statement about what "you" can do under ERISA. It would not appear to a person of average intelligence and experience that the clause confers forum-selection authority on the insured.[1] Because it is unambiguously not a forum-selection clause, it does not supersede the Plan's FSC.

Phillips also argues that the Court should ignore the FSC because it is unfair. (Resp. Mot. Leave, Dkt. 5, at 7). Phillips argues that because she is seeking "modest damages," it would be unjust to require her to prosecute this action in Missouri because costs would dissuade local attorneys from

---

[1] Other federal courts have concluded that the phrase, "you may file suit in a state or federal court," appearing in a section of an ERISA plan entitled, "Statement of ERISA Rights," is a statutorily required disclosure statement rather than a forum-selection clause. *E.g.*, *Cruthis v. Metro. Life Ins. Co.*, 356 F.3d 816, 818 (7th Cir. 2004).

taking the case. (*Id.*). The existence of a valid forum-selection clause, however, precludes the Court from considering Phillips' private interests. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63–64 (2013) (holding that a forum-selection clause changes the analysis of a motion to transfer under 28 U.S.C. § 1404(a) by barring consideration of the parties' private interests because they "waive the right to challenge the preselected forum as inconvenient" by agreeing to the clause). Because Phillips offers no other basis for ignoring the Plan's FSC, the Court finds that she has not met her burden to establish that transfer is unwarranted. *Id.* at 63. Accordingly, the Court will follow the "ordinar[y]" rule to transfer the case to the forum specified in the Plan's FSC. *Id.* at 62.

For these reasons, **IT IS ORDERED** that the Plan's Motion to Transfer Venue, (Dkt. 4), is **GRANTED**. The Clerk of the Court shall transfer this action the United States District Court for the Eastern District of Missouri.

**SIGNED** on April 30, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4